IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL EMELIO**  **PLAINTIFF**

**VERSUS**  CIVIL ACTION NO. _____

**ALABAMA GREAT SOUTHERN
RAILROAD COMPANY**  **DEFENDANT**

## COMPLAINT

The Plaintiff alleges:

1. This is a civil action for personal injuries and damages against Alabama Great Southern Railroad Company (the "Defendant").

### Jurisdiction

2. The Plaintiff is an adult resident citizen of Mississippi, residing in Pearl River County, Mississippi.

3. The Defendant is a corporation incorporated under the laws of a State other than Mississippi and has its principal place of business in Mississippi at 115 E. Church, Quitman, Mississippi.

4. The Plaintiff's personal injury claims against the Defendant arise under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* All material times, the Plaintiff was a track gang/smoothing gang foreman who the Defendant employed. The Plaintiff's injuries were sustained in the line of duty while the Plaintiff was engaged in the Defendant's principal business of transporting freight in interstate commerce. The Court has federal question jurisdiction under 28 U.S.C. §1331.

5. The Plaintiff's personal injuries claims arise from an episode-in-suit that occurred in the Southern Division of the Southern District of Mississippi. Venue is proper

in the Southern District of Mississippi under 28 U.S.C. §1391(c). The Defendant owns, operates, and maintains trains, rail yards, and mainline railroad tracks in Pearl River County, Mississippi.

### Claims And Liability

6. At the time of the episode-in-suit described below on or about June 2, 2022, the Defendant employed the Plaintiff as a track gang/smoothing gang foreman. The Plaintiff's injuries occurred while the Plaintiff was on duty and working in his customary manner as the Defendant's employee.

7. On or about June 2, 2022, the Plaintiff was required to enter the Defendant's Track Department Trailer office in Nicholson, Mississippi while the Plaintiff was on duty. On that date, when the Plaintiff opened the trailer office door, the Plaintiff grabbed the wooden door frame for support. The frame gave way and caused the Plaintiff to fall backward to the ground. The Plaintiff landed on his right upper arm and shoulder, and sustained injuries to his upper body and cervical lumbar spine.

8. The trailer office door and door frame were in a poor condition and not fit for use, and the Defendant did not make reasonable inspections of the door and door frame and did not reasonably maintain the door and door frame in reasonably safe condition.

9. The Defendant's failure to exercise reasonable care was the cause of the Plaintiff's injuries. The Defendant through its agents, servants, employees failed to exercise reasonable care, and was negligent in the following non-exclusive ways:

    a. violation of its non-delegable duty, the Defendant failed to provide the Plaintiff with a reasonably safe place to work free from hazardous conditions in which the Defendant had actual or constructive knowledge;

    b.    the Defendant failed to provide safe working conditions and properly functioning equipment where the Plaintiff was performing his duties as the Defendant required;

    c.    the Defendant failed to make reasonable inspections of the door and door frame to determine their condition;

    d.    the Defendant failed to exercise reasonable care to maintian and keep the door and door frame in a reasonably safe condition so that it would not give way and fail under normal use; and

    e.    the Defendant failed to provide proper assistance and a reasonably and timely warning to the Plaintiff about the hazardous condition.

10. It was reasonably foreseeable that injuries to railroad workers could occur because of the Defendant's acts and omissions described above and failure to provide a reasonably safe place to work.

11. At the time episode-in-suit, the Plaintiff was an able-bodied railroad worker. As a direct result of the Defendant's acts and omissions and failure to exercise reasonable care, the Plaintiff sustained severe, debilitating personal injuries. The Plaintiff was required to undergo surgery to the right shoulder, and continues to undergo cervical and lumbar spine treatment. The Plaintiff's injuries require continued orthopedic intervention that results in physical and mental pain and suffering and economic loss for lost wages, fringe benefits, and unpaid medical expenses.

12. As a direct result of the Defendant's acts and omissions and failure to exercise reasonable care, the Plaintiff has sustained, and will sustain, the following damages:

    a.    past and future physical and mental pain and suffering;

    b.    permanent disability;

    c.    past and future loss of enjoyment of life;

    d.    past and future lost wages;

    e.    future loss of earning capacity and fringe benefits; and

    f.    past and future medical expenses and life care needs.

13. The Plaintiff is entitled a judgment for damages against the Defendant, and is entitled to a jury trial.

14. **THE PLAINTIFF DEMANDS A JURY TRIAL.**

**WHEREFORE**, the Plaintiff demands judgment from the Defendant for compensatory damages, with interest on the judgment at the legal rate until paid, and all costs of court.

This the 23 day of August, 2023.

                              Respectfully submitted,

                              **MICHAEL EMELIO, PLAINTIFF**

BY: _/s/ Wynn E. Clark_
                              **Attorney for Plaintiff**

Wynn E. Clark
14397 Creosote Road
Gulfport, MS 39503
Tel: (228) 575-9996
Facsimile: (228) 575-9030
E-Mail: wynn@wynnclark.com
Miss. Bar No. 6279